UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL P. POWELL<br>Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. 6:18-CV-240 |
| | § | |
| MEALS ON WHEELS MINISTRY, INC.,<br>Defendants. | § § § | |

## DEFENDANT MEALS ON WHEELS MINISTRY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Meals on Wheels Ministry, Inc. ("MOWM") hereby answers Plaintiff's Original Complaint. The paragraphs in this answer are numbered to correspond with the paragraph numbers in Plaintiff's Original Complaint. Any and all allegations in Plaintiff's Original Complaint that are not specifically admitted here are hereby denied.

### I. THE PARTIES

1. Plaintiff Michael P. Powell ("Plaintiff" or "Powell") is currently a citizen and resident of Tyler, Texas.

**RESPONSE:** Defendant admits the allegations in paragraph 1.

2. Defendant, Meals on Wheels Ministries, Inc. ("Defendant" or "MOWM") is a Texas non-profit corporation that is and continuously has been doing business in Tyler, Texas. Defendant may be served by delivering a copy of this Complaint to its Board President, Josh Elbright, 112 East Line Street, #204, Tyler, Texas 75702, or wherever he may be found where process may be served.

**RESPONSE**: Defendant admits the allegations in paragraph 2.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. § 1391.

**RESPONSE**: MOWM admits that, if proper, Plaintiff's claims as alleged would give rise to this Court's subject matter jurisdiction with venue being in this district and division, but denies any valid claims and denies that Plaintiff is entitled to any of the requested relief.

4. All of the acts alleged herein occurred in the Eastern District of Texas.

**RESPONSE**: Defendant admits the allegations in paragraph 4.

## II. FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as the President/CEO at its location in Tyler, Smith County, Texas at the time of his termination on or about September 19, 2017. Powell had been employed with MOWM for twenty-eight years prior to his termination.

**RESPONSE**: MOWM admits that Plaintiff was employed by MOWM and was employed as the President/CEO at its location in Tyler, Smith County, Texas. MOWM further admits that Plaintiff had been employed with MOWM for approximately 28 years, but denies any and all remaining allegations in paragraph 5.

6. Prior to Plaintiff's termination by Defendant, Plaintiff had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

**RESPONSE**: MOWM admits that Plaintiff had worked for MOWM for more than 12 months. MOWM is without sufficient information to admit or deny whether Plaintiff worked for more than 1,250 hours at MOWM during that 12 month period and therefore denies same, denies that Plaintiff was entitled to the leave requested, and denies that he is entitled to any of his requested relief.

7. Defendant has employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of the location where Plaintiff worked.

**RESPONSE**: Defendant admits the allegations in paragraph 7.

8. Plaintiff had not taken twelve (12) weeks of off work for a serious health condition of diabetes, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

**RESPONSE**: MOWM admits that Plaintiff had not taken 12 weeks off of work for a serious health condition of diabetes or otherwise prior to his request for leave that is the subject of this action. MOWM is without sufficient information or knowledge to admit or deny the Plaintiff had the onset of a serious health condition and therefore denies same, denies that Plaintiff was entitled to the leave requested or to any of his requested relief.

9. On September 15, 2017, Plaintiff provided notice to Laurie Turman, Board Chairman for MOWM of his intent to take leave pursuant to the Family Medical Leave Act because of a serious medical condition. The letter which provided notice to MOWM of Plaintiff's intent to take leave specifically offered to provide any required information pertaining to his FMLA leave.

**RESPONSE**: MOWM admits that on September 15, 2017, Plaintiff's counsel sent a letter to Laurie Turman, Board Chairman for MOWM, purporting to provide notice of his intent to take leave pursuant to the Family Medical Leave Act because of a serious health condition. MOWM denies that this letter from Plaintiff's counsel was proper or sufficient to provide notice of Plaintiff's intent to take leave pursuant to the Family Medical Leave Act, denies that Plaintiff had a serious medical condition, that Plaintiff was entitled to the leave requested or to any of his requested relief.

10. On September 19, 2017, MOWM terminated Powell via hand delivered letter to his counsel. The termination letter specifically stated that Powell was eligible for leave under the FMLA and that MOWM stipulated that Powell would be able to provide adequate evidence of his serious medical condition. MOWM took the position that Powell was a 'key' employee of Defendant and without any proof, alleged that it would suffer 'substantial and grievous economic injury' as a result of Powell's leave, despite the fact that he had only been on leave for four days. MOWM notified Powell that he would not be reinstated to his position as President/CEO.

**RESPONSE**: MOWM admits that it sent a letter dated September 19, 2017 to Plaintiff's counsel in response to the letter it had received from Plaintiff's counsel dated September 15, 2017. MOWM further admits that in its letter of September 19, 2017 it informed Plaintiff that he was a "key" employee and that MOWM would suffer a substantial and grievous economic injury were Plaintiff to be reinstated after taking the requested leave and that it would not offer him reinstatement. MOWM further informed Plaintiff's counsel that MOWM's Executive Committee and Board of Directors had previously discussed Plaintiff's termination due to his inadequate job performance and Plaintiff had expressed his desire to retire in lieu of termination, that MOWM considered Plaintiff's request for leave as a rejection of its retirement proposal, and reiterated its decision to terminate him. MOWM denies that it stipulated that Plaintiff would be able to provide adequate evidence of his serious medical condition, denies that it was required to show any proof that Plaintiff was a key employee or that it would suffer substantial grievous and economic injury, and denies the remaining allegations in paragraph 10.

### III. CAUSES OF ACTION

#### A. Family Medical Leave Act Violation.

11. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

**RESPONSE**: MOWM incorporates its responses to the foregoing paragraphs as if fully set forth herein.

12. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq.*

**RESPONSE**: MOWM denies the allegations in paragraph 12.

13. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

**RESPONSE**: Whether MOWM is an employer as defined by the FMLA in 29 U.S.C. § 2611(4) is a legal conclusion to which MOWM is not required to respond.

14. During the time Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

**RESPONSE**: Whether Plaintiff was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2), during the time he was employed by MOWM is a legal conclusion to which MOWM is not required to respond. MOWM denies that Plaintiff was entitled to the requested leave or to any of his requested relief.

15. While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA.

**RESPONSE**: MOWM is without sufficient information to admit or deny that Plaintiff had an illness that can be defined as a serious health condition and therefore denies same and denies the remaining allegations in paragraph 15.

16. Plaintiff was entitled to medical leave for his serious health condition as provided for in the FMLA.

**RESPONSE**: MOWM denies the allegations in paragraph 16.

17. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking leave related to his serious health condition.

**RESPONSE**: MOWM denies that it terminated Plaintiff's employment for taking leave related to a serious health condition and denies the remaining allegations in paragraph 17.

18. Defendant terminated Plaintiff's employment for the time he was forced to take off work to care for his serious health condition, which violates the protections of the FMLA.

**RESPONSE**: MOWM denies the allegations in paragraph 18.

### B. FAMILY MEDICAL LEAVE ACT RETALIATION

19. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

**RESPONSE**: MOWM incorporates its responses to the foregoing paragraphs as if fully set forth herein.

20. Pursuant to 29 U.S.C. § 2615(a)(2), the FMLA prohibits discrimination or retaliation by any employer against any individual based upon their exercise of any rights provided by the FMLA.

**RESPONSE**: MOWM admits that the FMLA provides certain protections for employees against any employer for attempting to exercise rights provided by the FMLA but denies that it engaged in any discrimination or retaliation against Plaintiff and denies the remaining allegations of paragraph 20.

21. Plaintiff alleges that Defendant terminated his employment because he sought leave benefits under the FMLA, thereby retaliating against him in violation of the law.

**RESPONSE**: MOWM denies the allegations in paragraph 21.

### C. FAMILY MEDICAL LEAVE INTERFERENCE

22. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

**RESPONSE**: MOWM incorporates its responses to the foregoing paragraphs as if fully set forth herein.

23. Pursuant to 29 U.S.C. § 2615(a)(1), the FMLA prohibits interference with the exercise of the attempt to exercise any right under the Act.

**RESPONSE**: MOWM admits that the FMLA provides certain protections for employees against any employer for attempting to exercise rights provided by the FMLA but denies that it

engaged in any interference with the Plaintiff's exercise or attempt to exercise any right under the Act and denies the remaining allegations of paragraph 23.

24. Defendant's termination of Plaintiff four days after his notice to MOWM of his intent to exercise his FMLA rights constitutes an unlawful interference with Plaintiff's right to exercise his FMLA rights.

**RESPONSE**: MOWM denies the allegations in paragraph 24.

### IV. DAMAGES

25. As a result of Defendant's violations of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.

**RESPONSE**: MOWM denies the allegations in paragraph 25.

26. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled..

**RESPONSE**: MOWM denies the allegations in paragraph 26.

27. Plaintiff also requests reasonable attorney's fees and court costs.

**RESPONSE**: MOWM denies the allegations in paragraph 27.

### V. JURY DEMAND

28. Plaintiff requests trial by jury on all claims..

**RESPONSE**: MOWM hereby demands a trial by jury for all issues so triable.

### VI. PRAYER FOR RELIEF

MOWM denies that Plaintiff is entitled to any relief whatsoever, including and without limitation to the relief requested in Plaintiff's Original Petition. Plaintiff further denies the allegations in all sub-paragraphs of the Plaintiff's Original Petition.

## MOWM'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and specifically reserving its right to assert additional affirmative defenses as additional information becomes available through discovery or otherwise, MOWM asserts the affirmative defenses below.

1. MOWM asserts that it properly and justifiably terminated Plaintiff's employment with MOWM for reasons unrelated to his requested leave under the FMLA.

2. Alternatively, MOWM asserts that Plaintiff was a key employee pursuant to the provisions of the FMLA and that it would suffer substantial and grievous economic injury if Plaintiff were to be reinstated after taking leave under the FMLA and that it timely provided Plaintiff with notice of same.

3. Alternatively, MOWM asserts that Plaintiff has failed to provide evidence of a "serious health condition" qualifying him for entitlement to any leave under the FMLA.

4. Alternatively, MOWM asserts that it lacked the intent required for Plaintiff's Family Medical Leave Act retaliation claim pursuant to the FMLA.

5. Alternatively, MOWM asserts that it at all times acted in good faith in its dealings with Plaintiff and its handling of Plaintiff's request for leave under the FMLA.

6. Alternatively, MOWM asserts that Plaintiff has failed to mitigate his damages and any recovery on his claims herein should be barred or reduced in proportion to such failure to mitigate.

7. MOWM asserts the affirmative defenses of estoppel and waiver.

For these reasons, Defendant Meals on Wheels Ministry, Inc. respectfully asks the Court to enter judgment that Plaintiff take nothing, that the Court dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: /s/ R. Douglas Rees
    **R. DOUGLAS REES**
    Texas Bar No. 16700600
    doug.rees@cooperscully.com

900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**COUNSEL FOR DEFENDANT,
MEALS ON WHEELS MINISTRY, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via e-file on this 9th day of July, 2018:

William S. Hommel, Jr.
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, TX 75703
*via e-file*

    /s/ R. Douglas Rees
    **R. DOUGLAS REES**